UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO TREVINO TUNCHEZ, Movant, | § § § § | |
| v. | § § § | Case No. 1:16-cv-131 (Criminal No. 1:98-cr-158-2) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Mario Trevino Tunchez's pro se "Motion to Vacate, Correct Illegal Sentence Under 18:2255(B),(F)(3)" (hereinafter, Tunchez's "§ 2255 Motion"). Dkt. No. 1 (errors in original). For the reasons provided below, Tunchez's § 2255 Motion lacks merit. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Tunchez's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction over Tunchez's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

### II. Procedural History

On May 13, 1998, Tunchez was found guilty of one count of possession and one count of conspiracy to possess with intent to distribute 648 kilograms of marihuana and 103 kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846. *See United States of America v. Mario Trevino Tunchez*, No. 1:98-cr-158-2, Dkt. No. 70 at 1.[1] On July 22, 1998, United States District Judge Hilda Tagle sentenced Tunchez to 360 months of imprisonment and a five-year term of supervised release. *Id.* at 2-3. Judgment was entered on August 7, 1998. *Id.* at 1. Tunchez appealed to the Fifth Circuit of the United States Court of Appeals, which affirmed the district court's judgment on February 5, 2001. CR Dkt. No. 106.

Tunchez filed his instant § 2255 Motion on June 8, 2016. Dkt. No. 1.[2] In his § 2255 Motion, Tunchez claims that she is entitled to relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). Dkt. No. 1 at 1. Tunchez argues that *Johnson* held that "current crimes of violence no longer qualify for crimes of violence." *Id.* (error in original). Tunchez also argues that the provision he was sentenced under is the same as those held unconstitutional in *Johnson*. *Id*. For the reasons provided below, Tunchez's arguments are misplaced, and his § 2255 Motion should be dismissed with prejudice.

---

[1] Hereinafter, Tunchez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers. In addition, Tunchez's Judgment incorrectly states that he pleaded guilty. *See* CR Dkt. Nos. 45, 70.

[2] Tunchez indicates that he placed his § 2255 Motion in the prison mailing system on June 8, 2016. Dkt. No. 1 at 12. The Court will consider his § 2255 Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Tunchez claims that he is entitled to § 2255 relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Dkt. No. 1. In *Johnson*, the Supreme Court reviewed a lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18,

2016, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Unfortunately for Tunchez, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Tunchez's case, the Court did not sentence him pursuant to § 924(e). In fact, the Court did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 63 at 6 (Final Presentence Investigation Report); CR Dkt. No. 70 (Judgment); CR Dkt. No. 184 (Statement of Reasons, adopting the Final Presentence Investigation Report ("PSR") "without change"). The PSR did state that the Tunchez is a career offender pursuant to U.S.S.G. § 4B1.1(a), but that determination did not enhance his sentence. CR Dkt. No. 63 at 6. Under § 4B1.1(a), a defendant is assessed a new statutory maximum sentence if the defendant has, in part, two prior felony convictions for crimes of violence. U.S.S.G. § 4B1.1(a). A crime of violence is defined as any offense under federal or state law punishable by imprisonment for a term exceeding one year that has an element "the use, attempted use, or threatened use of physical force against the person of another" or is a burglary of a dwelling. U.S.S.G. § 4B1.2(a). The application notes clarify that aggravated assaults are also included in the definition. *See* U.S.S.G. § 4B1.2 Application Note 1.

First, as mentioned above, § 4B1.1 did not actually enhance Tunchez's sentence. In *Johnson*, if 18 U.S.C. § 924(e)(1) was found to apply to a defendant, that defendant faced a mandatory *minimum* of 15 years imprisonment. *See* 18

U.S.C. § 924(e)(1). Yet, § 4B1.1 only places a *maximum* penalty. *See* U.S.S.G. § 4B1.1(a). This difference may well be inconsequential if Tunchez received the maximum penalty. However, he did not. Instead, Tunchez received the minimum sentence under his guideline range. *See* Dkt. Nos. 63, 70. Thus, even if this provision was found to not apply to Tunchez, his sentence would not have necessarily changed.[3]

Second, while § 4B1.2(a)(2) does have a residual clause similar to that in *Johnson*, Tunchez's prior convictions fit within the crimes enumerated by the sentencing guideline and its application notes. *See* U.S.S.G. § 4B1.2. For example, Tunchez was previously twice convicted of "Burglary of a Habitation," for which he received a sentence of six years' imprisonment, and convicted of "Aggravated Assault on a Peace Officer" for which he received a sentence of two years' imprisonment. *See* Dkt. No. 63 at 9. These past convictions qualify him as a career criminal under § 4B1.1 based on its enumerated offenses. Furthermore, in *Beckles v. United States*, the Supreme Court recently held that advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. *See Beckles v. United States*, No. 15-8544, 580 U.S. ___ (2017). Therefore, *Johnson's* holding does not apply to Tunchez despite § 4B1.1 incorporating a residual clause. Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Tunchez with a right to § 2255 relief and his Motion should be denied.

---

[3] In fact, as a result of the application of § 4B1.1, Tunchez's offense level decreased from 38 to 37, and his criminal history category increased from V to VI. However, despite these changes, the guideline sentence range for both is the same. Therefore, regardless of whether the provision applies to Tunchez, his sentence range would have been 360 months to life imprisonment. *See* U.S.S.G. Sentencing Table (1997 ed.).

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Tunchez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Tunchez's § 2255 Motion be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 9th day of March, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**